Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
Geoffrey S. Sheldon, Bar No. 185560
gsheldon@lcwlegal.com
T. Oliver Yee, Bar No. 237057
oyee@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045
Telephone: (310) 981-2000
Facsimile: (310) 337-0837

Rockard Delgadillo, City Attorney, Bar No. 125465
Daniel Aguilera, Deputy City Attorney, Bar No. 108159
LOS ANGELES CITY ATTORNEY'S OFFICE
200 North Main Street, Room 700, City Hall East
Los Angeles, CA 90012-4131
Telephone: (213) 978-8286
Facsimile: (213) 978-8216

Attorneys for Defendant
CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ALANIZ, an individual; for himself on behalf of all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES and DOES 1 through 10,<br><br>Defendant. | Case No. CV 04-8592 GAF (JWJx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DONNING AND DOFFING CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 28, 2010<br>Time: 9:30<br>Courtroom: 740 |

416755.1 LO160-028

DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DONNING AND DOFFING CLAIMS

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2010, at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 740 of the above entitled court, located at 255 East Temple Street, Los Angeles, California, Defendant CITY OF LOS ANGELES ("City" or "Defendant") will move pursuant to Local Rule 7-18 of the United States District Court for the Central District of California for reconsideration of the Court's denial (in part) of is Motion for Partial Summary Judgment on Plaintiffs' Donning and Doffing Claims as set forth in the Court's May 5, 2009 Memorandum & Order Regarding Cross-Motions for Summary Judgment (Document No. 2798). The County respectfully requests that the Court reconsider its partial denial based on the United States Court of Appeals, Ninth Circuit's opinion in *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010) issued on March 25, 2010.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 2, 2010, April 14, 2010, May 18, 2010 and May 21, 2010.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities filed herewith, the Request for Judicial Notice filed concurrently herewith, all pleadings and papers filed in this case, and on such other and further oral and documentary evidence as may be presented hereinafter.

Dated: May 28, 2010

LIEBERT CASSIDY WHITMORE

By: _____
Brian P. Walter
Geoffrey S. Sheldon
T. Oliver Yee
Attorneys for Defendant
CITY OF LOS ANGELES

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 3 |
| | A. RECONSIDERATION OF THE COURT'S MAY 5, 2009 ORDER IS PROPER SINCE *BAMONTE* ESTABLISHED BINDING LAW OF THE NINTH CIRCUIT ON DONNING/DOFFING | 3 |
| | B. *BAMONTE* MANDATES THAT DONNING AND DOFFING IS NOT COMPENSABLE IF OFFICERS HAVE THE OPTION AND ABILITY TO DON AND DOFF OFF-PREMISES | 4 |
| | C. THE COURT'S RULING THAT THE NATURE OF POLICE WORK MANDATES COMPENSATION FOR DONNING/DOFFING IS FORECLOSED BY *BAMONTE* | 7 |
| |    1. The Indisputable Fact That Some LAPD Officers Dress at Home Conclusively Establishes that Plaintiffs Have the Option and Ability to Dress Off the LAPD's Premises As a Matter of Law | 8 |
| |    2. The Court's Conclusion that LAPD Has a "De Facto" Requirement That Officers Dress and Undress on LAPD's Premises is Clearly Erroneous in Light of the Ninth Circuit's *Bamonte* Decision | 10 |
| |    3. The Court's Reliance on Plaintiffs' Opinions on the Safety or Practicality of Donning and Doffing at Home Was Erroneous in Light of *Bamonte* | 11 |
| | D. OTHER COURTS HAVE RECONSIDERED EARLIER SUMMARY JUDGMENT RULINGS IN LIGHT OF *BAMONTE* | 12 |
| III. | CONCLUSION | 13 |

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*Abbe v. City of San Diego*
2007 WL 4146696 (S.D.Cal. 2007) ........................................................ 1, 2, 4, 6, 7

*Ballaris v. Wacker Siltronic Corp.*
370 F.3d 901 (9th Cir. 2004) .............................................................................. 6, 8, 9

*Bamonte v. City of Mesa*
2008 WL 1746168 (D.Ariz. 2008) .................................................................. 1, 4, 5

*Bamonte v. City of Mesa*
598 F.3d 1217 (9th Cir. 2010 .................................... 2, 1, 2, 4, 5, 7, 8, 9, 10, 11, 12

*Dager v. City of Phoenix*
2009 WL 531864 (D.Ariz. 2009) ......................................................................... 1, 4

*Lemmon v. City of San Leandro*
538 F.Supp.2d 1200 (N.D.Cal. 2007) ............................................................. 1, 2, 4, 6

*Maciel v. City of Los Angeles*
569 F.Supp.2d 1038 (C.D.Cal. 2008) ................................................................... 2, 4

*Martin v. City of Richmond*
504 F.Supp.2d 766 (N.D.Cal. 2007) ..................................................................... 1, 4

*Steiner v. Mitchell*
350 U.S. 247 (1956) ........................................................................................ 6, 7, 8, 9

## COURT RULES

Federal Rules of Civil Procedure Rule 30(b)(6) ............................................................. 7, 8

United States District Court, Central District of California, Local Rule 7-18 ....... 1, 3

- ii -

DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DONNING AND DOFFING CLAIMS

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant CITY OF LOS ANGELES ("Defendant" or "City") brings this motion for reconsideration of the Court's May 5, 2009 Order Regarding Cross-Motions for Partial Summary Judgment ("May 5, 2009 Order"). In that order, the Court ruled that time spent by LAPD officers donning and doffing their uniform and gear was compensable work. This motion is made pursuant to Local Rule 7-18 on the ground that the Ninth Circuit's March 25, 2010 opinion in *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010) represents a "change in law" because it settles a split among the district courts within the Ninth Circuit as to the applicable legal standard for determining the compensability of donning and doffing activities for police officers under the Fair Labor Standards Act ("FLSA").

Prior to the *Bamonte* decision, there was no binding authority which this Court was obligated to follow regarding the compensability of donning and doffing activities for police officers. A majority of the district courts within the Ninth Circuit had held that under the Portal-to-Portal Act ("Portal Act"), donning and doffing activities by law enforcement officers were not compensable unless the officers did not have the option and ability to don and doff away from the employer's premises. *See, e.g., Bamonte v. City of Mesa*, 2008 WL 1746168 (D.Ariz. 2008); *Abbe v. City of San Diego*, 2007 WL 4146696 (S.D.Cal. 2007); *Dager v. City of Phoenix*, 2009 WL 531864 (D.Ariz. 2009); *Martin v. City of Richmond*, 504 F.Supp.2d 766 (N.D.Cal. 2007). However, a few district courts in the Ninth Circuit held that the relevant inquiry was whether the police uniform itself and/or the gear itself is "integral and indispensable" to police officers' principal activities. *See, e.g.,* May 5, 2009 Order at 23:5-31:3; *Lemmon v. City of San Leandro*, 538 F.Supp.2d 1200, 1204-1206 (N.D.Cal. 2007). The view of these courts was that donning and doffing of police uniforms and related safety gear is compensable under the FLSA because a police officer's uniform and gear

legitimize the officer's authority and help the officer do his/her job more efficiently. *E.g.,* May 5, 2009 Order at 23:5-31:3.

In its May 5, 2009 Order, this Court found that "[a]bsent any **mandatory** authority requiring donning and doffing activities to occur at the workplace to be compensable, the Court is free to weigh the parties' arguments and evidence and to reach a logical conclusion regarding the issue." May 5, 2009 Order at 25:23-26:1 [emphasis added]. This Court then ruled that it "largely agrees with the conclusion reached by *Lemmon* and *Maciel,* and disagrees with *Abbe's* holding and the DOL's position, on the question whether donning and doffing activities must take place at work to be compensable." *Id.* at 26:1-5. This Court held that the time Plaintiffs spend donning and doffing both their uniforms and gear is compensable under the FLSA because it believed the uniforms and gear themselves were "integral and indispensable" to the officers' jobs. May 5, 2009 Order at 23:5-28:14.

However, on March 25, 2010, the Ninth Circuit adopted *Abbe* and the U.S. Department of Labor interpretations and rejected the *Lemmon* holding on donning and doffing of police uniforms and gear. *Bamonte,* 598 F.3d at 1228. In *Bamonte* the Ninth Circuit held that the time police officers of the City of Mesa spent before and after their paid shifts donning and doffing their uniforms and related protective gear is not compensable work under the FLSA because the officers had the option and ability to don and doff their uniform and gear off of the employer's premises. *Id.* at 1233. The Ninth Circuit rejected the grounds upon which this Court based its summary judgment ruling that "the nature of LAPD officers' work effectively requires them to don and doff at work." Compare May 5, 2009 Order at 28:16-29:24 (relying on Plaintiffs' evidence that "commuting in uniform is unsafe and places officers' family members and property in danger") with *Bamonte,* 598 F.3d at 1225-1226 ("In contrast, in this case, the officers urged a conclusion of compensability primarily for reasons that were of **sole benefit to the employee** (risk of loss or theft of uniforms, potential access to gear by family members or guests,

risk of performing firearm checks at home, discomfort while commuting, risk of being identified as officer while off-duty, and risk of exposing family members to contaminants and bodily fluids from encounters in the line of duty." [emphasis added].) Moreover, the Ninth Circuit noted that the simple fact that a law enforcement employer chooses to provide locker rooms for police officers does not mean that the employer has a requirement ("de facto" or otherwise) that its officers don/doff on the employer's premises. *Bamonte,* 598 F.3d at 1220, 1225-1226. Thus, this Court's reliance on the fact that LAPD provides locker rooms, and its dismissal of the undisputed fact that some LAPD officers do in fact commute to work in their uniforms and gear to support the conclusion that the City has a "de facto" requirement of on-premises dressing and/or that the "nature" of LAPD officers' work "effectively requires them to don and doff at work" is inconsistent with the *Bamonte* decision. *See,* May 5, 2009 Order at 29:10-24.

Since the Ninth Circuit's *Bamonte* decision is now binding on this Court, and since the undisputed facts presented in the parties' cross-motions for summary judgment unequivocally establish that the process of donning and doffing the LAPD police uniform and gear may be performed away from LAPD's premises and is not "integral and indispensable" to Plaintiffs' principal activities, the Court must grant Defendant's motion, deny Plaintiffs' motion and rule as a matter of law that the time Plaintiffs spent donning and doffing their LAPD uniforms and gear is not compensable under the FLSA.

## II. ARGUMENT

### A. RECONSIDERATION OF THE COURT'S MAY 5, 2009 ORDER IS PROPER SINCE *BAMONTE* ESTABLISHED BINDING LAW OF THE NINTH CIRCUIT ON DONNING/DOFFING

Local Rule 7-18 states "a motion for reconsideration of the decision on any motion may be made only on the grounds of ... (b) the emergence of new material facts or a change of the law occurring after the time of such decision." Prior to the Ninth Circuit's March 25, 2010 *Bamonte* decision, it was unsettled whether time

400070.14 LO160-026                                3

DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DONNING AND DOFFING CLAIMS

spent by police officers "donning" and "doffing" their uniforms and related gear (*e.g.,* ballistic vests and Sam Browne equipment belts) was compensable under the FLSA. *Bamonte,* 598 F.3d at 1227. At the time of this Court's May 5, 2009 Order, there was a split among the district courts within the Ninth Circuit regarding whether police officers are entitled to compensation under the FLSA for time spent donning and doffing their uniforms and gear. May 5, 2009 Order at 16:3-22:14; *See, e.g., Bamonte,* 2008 WL 1746168; *Abbe,* 2007 WL 4146696; *Dager,* 2009 WL 531864; *Martin,* 504 F.Supp.2d 766; *Lemmon,* 538 F.Supp.2d 1200; *Maciel v. City of Los Angeles,* 569 F.Supp.2d 1038 (C.D.Cal. 2008).

With its March 25, 2010 decision in *Bamonte,* however, the Ninth Circuit has now resolved the split among the district courts on the compensability of police officers' donning and doffing activities. The Ninth Circuit rejected the approach that was adopted by this Court in its May 5, 2009 Order regarding the applicable legal standard for determining the compensability of police officers' donning and doffing time. Since the *Bamonte* decision reflects a change of law that occurred after this Court's May 5, 2009 Order, the Court must reconsider its ruling in light of *Bamonte* pursuant to Local Rule 7-18. Since there is now mandatory authority that is binding upon the Court, the City respectfully requests that the Court reconsider its summary judgment ruling and grant the City's Motion for Partial Summary Judgment on the compensability of Plaintiffs' donning and doffing activities.

### B. *BAMONTE* MANDATES THAT DONNING AND DOFFING IS NOT COMPENSABLE IF OFFICERS HAVE THE OPTION AND ABILITY TO DON AND DOFF OFF-PREMISES

Like the Plaintiffs in the instant matter, the City of Mesa's police officers were required to wear a police uniform and related equipment, such as trousers, a shirt, a nametag, a clip-on or velcro tie, specified footwear, a badge, duty belt, firearm, holster, handcuffs, chemical spray, baton and a portable radio. *Bamonte,* 598 F.3d at 1220. The wearing of body armor was optional, although officers were required to have body armor readily available. *Id.* The officers claimed that their

uniforms and gear contributed to their "command presence, thereby promoting officer and public safety in furtherance of law enforcement goals." *Id.* The officers also argued that while their employer's policy permitted them to commute to and from work in their uniforms and gear (provided they covered up their uniform shirt) and there was no legal requirement that they dress/undress at work, the nature of police work required them to don and doff at the police station as a practical matter. *Bamonte*, 598 F.3d at 1220; *Bamonte*, 2008 WL 1746168, * 4.

The Ninth Circuit affirmed the district court's decision in *Bamonte* to grant summary judgment in the employer's favor. In so doing, the Ninth Circuit applied a three-stage inquiry for determining compensability of donning and doffing activities, which it previously articulated in *Alvarez v. IBP, Inc.*, 339 F.3d 894, (9th Cir. 2003). *Bamonte*, 598 F.3d at 1224. The first stage addresses whether the donning and doffing activities constitute "work" that is controlled or required by the employer. *Id.* The second stage addresses whether the donning and doffing activities are "integral and indispensable" duties, *i.e*, activities that are necessary to the principal work performed and done for the benefit of the employer. *Id.* The third stage addresses whether the donning and doffing activities are *de minimis*. *Id.*

The Ninth Circuit noted that under the first stage of its test for compensability, donning and doffing of police uniforms and gear arguably does not constitute work simply because the donning and doffing were not required by the employer to be performed at the workplace. *Id.* at 1225. Nevertheless, the Ninth Circuit addressed the second stage of the inquiry in light of the plaintiffs' argument that *Alvarez* could be interpreted as supporting a finding of compensability as a function of the employer's requirement that officers wear uniforms and related gear. *Id.*

Applying the second stage of the three-stage inquiry, the Ninth Circuit held that the time the plaintiff police officers spent donning and doffing their police uniforms and gear was not compensable under the FLSA. *Bamonte*, 598 F.3d at

1225-1233. Under the second stage, the process of donning and doffing the police uniform and gear on the employer's premises must be "integral and indispensable" to the principal activities to be compensable work under the FLSA. The phrase "integral and indispensable" means that it is necessary to the principal work performed and done primarily for the benefit of the employer. *Id.* at 1225 (citing *Alvarez,* 339 F.3d at 903). The Ninth Circuit looked to the facts and findings in *Alvarez, Steiner v. Mitchell,* 350 U.S. 247 (1956) and *Ballaris v. Wacker Siltronic Corp.,* 370 F.3d 901, 903 (9th Cir. 2004) as guidance regarding whether donning and doffing is integral and indispensable to a police officer's job. In this regard, the Ninth Circuit noted that in *Alvarez* the Court "relied heavily on the fact that 'the donning and doffing of this gear on the…plant's premises is required by law, by rules of [the employer], ***and*** by the nature of the work.'" *Ibid.* [citations omitted and emphasis added]. It explained that the facts in *Bamonte* were "diametrically opposed to those that formed the contexts in *Steiner, Alvarez,* and *Ballaris*" because in those cases "the employer mandated donning and doffing at the employer's premises" whereas in *Bamonte* donning and doffing at the workplace was optional. *Ibid.*

In reaching its holding, the Ninth Circuit rejected the minority view (*e.g., Lemmon,* 538 F.Supp.2d 1200) that was relied upon by this Court which asserted that donning and doffing time is compensable simply because police officers' uniforms and gear are indispensible to their jobs. Instead, the *Bamonte* Court agreed with and adopted the district court's analysis in *Abbe, supra,* explaining:

> "[T]he relevant inquiry is not whether the uniform ***itself*** or the safety gear ***itself*** is indispensable to the job - they most certainly are - but rather, the relevant inquiry is whether the nature of the work requires the donning and doffing ***process*** to be done on the employer's premises."

///

*Bamonte*, 598 F.3d at 1228 [emphasis in original] (citing *Abbe*, 2007 WL 4146696, * 7.)

The Ninth Circuit explained that the *Abbe* court "faithfully applied the precepts" set forth in *Alvarez* and *Steiner*, and that the Department of Labor's 2006 interpretation is also "consistent with our analysis in *Alvarez*" and is entitled to deference. *Ibid.* The Ninth Circuit also stated that this position is consistent with the Congressional intent in enacting the Portal-to-Portal Act to limit overly expansive judicial interpretations of the FLSA and to prevent the financial ruin of employers throughout the Country -- including local governments. *Bamonte*, 598 F.3d at 1230-1231.

In the instant case, this Court expressly rejected the location requirement and it expressly refused to give the Department of Labor's interpretation any deference. May 5, 2009 Order at 25:13-28:14. Under *Bamonte*, this Court is required to accept the location requirement and to give deference to the DOL's interpretation. Since the Ninth Circuit has now made it clear that donning and doffing time can only be compensable if employees are required to don and doff on the employer's premises, the Court must reconsider the City's Motion for Summary Judgment/Partial Summary Judgment on Plaintiffs' donning and doffing claims.

### C. THE COURT'S RULING THAT THE NATURE OF POLICE WORK MANDATES COMPENSATION FOR DONNING/DOFFING IS FORECLOSED BY *BAMONTE*

In its May 5, 2009 Order, this Court stated that "[e]ven if the Court were to presume that donning and doffing activities must occur at the workplace to be compensable, the nature of LAPD officers' work favors donning and doffing at work even though neither the law nor the operative MOUs mandate that it be done at the workplace." May 5, 2009 Order at 28:15-18. In support of this finding, the Court relied on the following facts:

(1) a Rule 30(b)(6) witness estimated that 90% to 95% of LAPD officers choose to dress at work,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

(2) LAPD provides locker rooms in which most officers dress/undress, and

(3) Plaintiffs believe it is either unsafe or impractical to don and doff at home for a number of reasons. *Id.* at 28:15-29:27.

Based upon those facts, this Court reasoned that the undisputed fact that some officers do, in fact, choose to regularly don and doff at home was not material and "cannot detract from the fact that the nature of LAPD officers' work effectively requires them to don and doff at work." *Id.* at 29:18-24. The Ninth Circuit's *Bamonte* decision forecloses this Court's line of reasoning and requires that summary judgment be granted in the City's favor on the undisputed facts.

### 1. The Indisputable Fact That Some LAPD Officers Dress at Home Conclusively Establishes that Plaintiffs Have the Option and Ability to Dress Off the LAPD's Premises As a Matter of Law

It is uncontroverted that there is no law, City rule or regulation that requires Plaintiffs to don or doff their LAPD uniforms and gear on LAPD's premises. Indeed, the Court recognized in its May 5, 2009 Order that "LAPD does not require its officers to don or doff their equipment or uniforms at work." (May 5, 2009 Order at 4:18-19.) In its Order, however, the Court felt that because a Rule 30(b)(6) designee estimated that 90-95% of LAPD's nearly 10,000 police officers choose to get dressed at work then "for all practical purposes, the nature of LAPD officers' duties requires them to don and doff at work." (May 5, 2009 Order at 28:21-29:5.)

However, the percentage of employees who choose to don and doff on-premises is irrelevant as the *Bamonte* Court did not consider the percentage of officers who donned and doffed on-premises as part of its analysis. The undisputed facts in this case, as with *Bamonte*, are "diametrically opposed" to the facts in *Steiner*, *Alvarez* and *Ballaris*. *Bamonte*, 598 F.3d at 1225. In each of those cases, all employees were required to don and doff on the employer's premises by virtue

of the employer's policy and/or a legal requirement. None of the employees had the option of donning and doffing at home (even if there was no employer policy or legal requirement prohibiting off-premises dressing) given the nature of the clothing and safety equipment they were required to wear. In contrast, police uniforms and gear are specifically designed to be worn away from the employer's premises and the safety and practicality concerns expressed by some police officers do not render the option to don/doff at home illusory. *See, Bamonte*, 598 F.3d at 1231. The relevant question is simply whether officers have the "option and ability" to don/doff off-premises, and the fact that some officers don and doff of the premises establishes that they have both the option and the ability. *Bamonte*, 598 F.3d at 1230 ("Although logical reasons exist for the police officers not to avail themselves of the at-home option, such as comfort, safety concerns, and exposure of family members to certain substances, *these reasons reflect preferences rather than mandates*." [emphasis added].) Even if percentage were arguably relevant, between 500-1,000 LAPD officers don and doff their uniform and gear at home, which clearly demonstrates that officers have the option and ability to dress at home.

Without a law or employer rule requiring on-premises donning and doffing, time spent by Plaintiffs donning and doffing their police uniforms and gear is not compensable under the FLSA. *Id.* Indeed, the Ninth Circuit and U.S. Supreme Court have never held that donning and doffing is compensable under the FLSA without a law or employer rule requiring on-premises donning and doffing. *See Steiner*, 350 U.S. 247; *Alvarez*, 339 F.3d 894; *Ballaris*, 370 F.3d 901; *Bamonte*, 598 F.3d. 1217.

As noted in *Bamonte*, Plaintiffs are required to show that the nature of their work requires the donning and doffing process to be performed on City premises. *Bamonte*, 598 F.3d. at 1228. The undisputed fact that all LAPD officers are permitted to don and doff away from LAPD premises and some actually do is fatal

to Plaintiffs' claims. *Ibid.* ("It is at this stage that the officers' claims for compensability fatally falters.")

### 2. The Court's Conclusion that LAPD Has a "De Facto" Requirement That Officers Dress and Undress on LAPD's Premises is Clearly Erroneous in Light of the Ninth Circuit's *Bamonte* Decision

Like LAPD, the City of Mesa provided lockers and changing facilities for the plaintiff officers. *Bamonte*, 598 F.3d at 1220. However, an employer's decision to provide locker rooms to its employees does not make on-premises donning and doffing a requirement of the employer. *Ibid.* ("The City was not oblivious to the concerns expressed by the officers" and each officer was "provided a locker at the station, and facilities [were made] available for the officers to don and doff their uniforms and related gear. In sum, officers [had] the option to don and doff at home or work.".) While some LAPD officers, including Plaintiffs, utilize the LAPD's locker rooms, *Bamonte* makes it clear that employee preferences based on practicality and convenience do not amount to a mandate by the employer. *Id.* at 1231("Although logical reasons exist for the police officers not to avail themselves of the at-home option, such as comfort, safety concerns, and exposure of family members to certain substances, these reasons reflect preferences rather than mandates. In sum, donning and doffing of uniforms and related gear are not required by law, rule, the employer or the nature of the police officers' work to be performed at the employer's premises.")

The Court's reliance upon the fact that LAPD provides locker rooms to its employees to support a finding that the "nature" of a LAPD officers' job requires him/her to don and doff at work is inconsistent with *Bamonte*. Since *Bamonte* precludes this Court from inferring that LAPD requires on-premises dressing simply because it provides locker rooms for its officers, the Court must enter summary judgment in the City's favor on Plaintiffs' donning and doffing claims.

///

400070.14 LO160-026

10

DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DONNING AND DOFFING CLAIMS

### 3. The Court's Reliance on Plaintiffs' Opinions on the Safety or Practicality of Donning and Doffing at Home Was Erroneous in Light of *Bamonte*

In its May 5, 2009 Order, this Court concluded "it is not practical or encouraged for officers to commute in their uniforms and gear, and that commuting in uniform is unsafe and places officers' family members and property in danger." May 5, 2009 Order at 29:10-16. However, the Ninth Circuit's *Bamonte* Opinion renders the evidence on which this conclusion was based irrelevant.

In *Bamonte,* the Ninth Circuit found that the officer safety factors cited by the employees were for their own benefit, not the employer's benefit, and they demonstrate nothing more than certain officers' preference for donning and doffing at work. *Bamonte,* 598 F.3d at 1220 ("[t]he officers explained that is was *preferable* to don and doff their uniforms and gear at the police station...[because of]... (1) the risk of loss or theft of uniforms and gear at home; (2) potential access to the gear by family members or guests; (3) distractions at home that might interfere with the donning process; (4) safety concerns with performing firearm checks at home; (5) discomfort associated with wearing the gear while commuting; (6) the increased risk of being identified as a police officer while off-duty; and (7) potential exposure of family members to contaminants and bodily fluids" [emphasis in original]), 1225-1226 ("the officers urged a conclusion of compensability primarily for reasons that were of *sole benefit to the employee* (risk of loss or theft of uniforms, potential access to gear by family members or guests, risk of performing firearm checks at home, discomfort while commuting, risk of being identified as officer while off-duty, and risk of exposing family members to contaminants and bodily fluids from encounters in the line of duty." [emphasis added].)

As explained in *Bamonte,* the officer safety and practicality concerns that this Court relied upon are legally irrelevant to the compensability analysis. The Ninth Circuit has concluded that these concerns, while real, benefit the employees rather

than the employer as a matter of law. *Bamonte*, 598 F.3d at 1225-1226. Since this evidence does not establish that Plaintiffs' donning and doffing activities are "integral and indispensable" or that those activities are done for the benefit of the City as a matter of law, summary judgment must be entered in the City's favor.

### D. OTHER COURTS HAVE RECONSIDERED EARLIER SUMMARY JUDGMENT RULINGS IN LIGHT OF *BAMONTE*

In *Margaret Reed v. County of Orange*, Case No. SACV 05-01103-CJC (ANx), the district court (the Hon. Cormac J. Carney) recently applied *Bamonte* and reconsidered its earlier denial of the employer's summary judgment motion. Although the Court found that disputed factual issues existed prior to *Bamonte*, the court held that donning and doffing of law enforcement officers' uniforms and gear is not an integral and indispensable part of their duties as a matter of law, noting that it is undisputed "that deputies can don and doff their uniforms at home and still perform their vital law enforcement duties."[1] *See* May 11, 2010 Order Granting Defendant's Motion for Reconsideration and Granting Defendant's Motion for Summary Judgment, attached to Defendant's Request for Judicial Notice as Exhibit 1. Given the undisputed facts that were presented in the City's motion for summary judgment, the *Bamonte* decision compels the same result here.

///
///
///
///
///

---

[1] Although the County of Orange has a policy which arguably could be read to require on-premises dressing, the County's actual practice permitted at home dressing. Thus, the court found that "the policy does not change the undisputed fact that deputies can don and doff their uniforms at home and still perform their vital law enforcement duties." (*See* May 11, 2010 Order Granting Defendant's Motion for Reconsideration and Granting Defendant's Motion for Summary Judgment, attached to Defendant's Request for Judicial Notice as Exhibit 1.)

## III. CONCLUSION

For the foregoing reasons, Defendant requests that the Court grant this Motion for Reconsideration, enter partial summary judgment in the City's favor, and rule as a matter of law that the time Plaintiffs spent donning and doffing their police uniforms and gear is not compensable under the FLSA.

Dated: May 28, 2010

LIEBERT CASSIDY WHITMORE

By: _____
Brian P. Walter
Geoffrey S. Sheldon
T. Oliver Yee
Attorneys for Defendant
CITY OF LOS ANGELES

400070.14 LO160-026

13

DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' DONNING AND DOFFING CLAIMS